FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★    SEP 8   2005    ★

P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
HERMAN E. FREDERICK,

                Petitioner,

    -against-

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------------X

01 CV 7826 (SJ)

**MEMORANDUM
AND ORDER**

A P P E A R A N C E S:

HERMAN E. FREDERICK
#47865-053
FPC Schuykill
PO Box 670
Minersville, NY 17954-0670
Petitioner, *Pro Se*

UNITED STATES ATTORNEYS OFFICE
Eastern District of New York
One Pierrepont Plaza, 14th Floor
Brooklyn, NY 11201
Attorney for Respondent

JOHNSON, Senior District Judge:

    Presently before the Court is a Motion pursuant to 28 U.S.C. § 2255 by

Petitioner Herman E. Frederick ("Petitioner"), acting *pro se*, to vacate, set aside, or

correct the conviction and sentence imposed under docket number 98 CR 686. For the

reasons stated herein, the Motion is DENIED.

1

## BACKGROUND

Petitioner was originally indicted on thirty-eight counts related to tax fraud on July 7, 1998. Cynthia Matthews ("Matthews") was appointed as counsel. On November 9, 1999, the superseding indictment reduced the charges against him to one count of conspiracy to violate 26 U.S.C. § 7206(2)[1] by aiding and abetting the preparation of false tax returns.[2] The charges stemmed from Petitioner and Petitioner's Century 21 Financial Services ("Century") employees completing Schedule C tax forms with clients' personal expenses falsely listed as business expenses, sometimes along with additional fictional expenses. United States v. Frederick, 242 F.3d 368, 2001 WL 10364 (2d Cir. Dec. 28, 2000). Prior to the October 8, 1999 pretrial conference, Petitioner replaced his appointed counsel, Matthews, with privately retained counsel, Stephen Flamhaft ("Flamhaft"). This Court granted Petitioner's motion to adjourn at the October 8, 1999 pre-trial conference when the Government retracted its opposition to and joined the motion ("Joint Motion"). On November 18, 1999, Petitioner made a motion for a continuance, which was denied.

---

[1] The crime of conspiracy is a violation of 18 U.S.C. § 371 and 18 U.S.C. § 3551 et seq.

[2] Specifically, Petitioner was charged and convicted of conspiring "to aid and assist in, procure, counsel, and advise the preparation and presentation to the Internal Revenue Service ("IRS"), under the internal revenue laws of the United States, of income tax returns for calendar tax years 1990 through 1993, which returns were fraudulent and false as to material matters, in that the returns represented that the taxpayers were entitled under the internal revenue laws to claim Schedule C business deductions, whereas, as the defendants HERMAN E. FREDERICK and RHEMA N. ADEJOLA then and there well knew and believed, said taxpayers were not entitled to claim said deductions, in violation of Title 26, United States Code, Section 7206(2)." (Jury Instructions at 36.)

P-049

On December 18, 1999, Petitioner was convicted after a jury trial of the single count charged in the superseding indictment, conspiring to violate 26 U.S.C. § 7206(2). Frederick, 242 F.3d at 368. On May 1, 2000, Petitioner was sentenced to sixty months incarceration and three years of supervised release. Id. For the appeal, Petitioner replaced Flamhaft with newly retained counsel, Jared J. Scharf ("Scharf"). The Second Circuit affirmed Petitioner's conviction on January 23, 2001. Id.

In his motion for habeas relief, including the original motion and supplemental filings, Petitioner asserts the following grounds:[3] (1) ineffective assistance of counsel with regard to all three of Petitioner's attorneys; (2) lack of subject matter jurisdiction; (3) defects in the indictment; (4) judicial amendment to the indictment; (5) this Court's foreknowledge of facts; (6) denial of Petitioner's pre-trial discovery motion; (7) violation of Petitioner's right to counsel of choice with regard to Matthews; (8) failure of this Court to advise Petitioner of the right to counsel; (9) violation of Petitioner's right to preparation time with regard to the Joint Motion; (10) violation of the right to call, confront and cross-examine witnesses; (11) violation of Petitioner's right to preparation time with regard to Petitioner's November 22, 1999 continuance request; (12) conflict of interest with regard to Flamhaft; (13) Speedy Trial Act violation; (14) ex parte communication; (15) defective jury instructions; (16) Brady violations; (17) variance in proof regarding multiple other conspiracies; (18) defective jury

---

[3] Petitioner's numbering is used for clarity.

P-049

instructions; (19) sufficiency of the evidence; (20) conviction of a crime not properly

charged; (21) failure to deliver good faith defense; (22) violation of Petitioner's right

to testify; (23) granting on October 8, 1999 of a continuance allegedly requested by the

prosecution; and (24) sentencing based on a crime not properly charged.

## DISCUSSION

### A.    Procedural Restrictions

Under § 2255, a sentencing court may "vacate, set aside or correct" a

conviction or sentence "imposed in violation of the Constitution or laws of the United

States." 28 U.S.C. § 2255.  Relief is generally available only for a constitutional error,

defect of jurisdiction, or an error of law constituting "a fundamental defect which

inherently results in a complete miscarriage of justice."  Graziano v. United States, 83

F.3d 587, 590 (2d Cir. 1996); see also Hardy v. United States, 878 F.2d 94, 97 (2d Cir.

1989).

Requests for habeas corpus relief are in "tension with society's strong interest

in the finality of criminal convictions"; accordingly, "the courts have established rules

that make it more difficult for a defendant to upset a conviction by collateral, as

opposed to direct, attack."  Ciak v. United States, 59 F.3d 296, 301 (2d Cir. 1995),

abrogated on other grounds by Mickens v. Taylor, 535 U.S. 162 (2002); see also

United States v. Frady, 456 U.S. 152, 165 (1982).  Procedural restrictions are one such

obstacle in the path of habeas petitioners.

4

## I. Claim Preclusion

As discussed below, some of Petitioner's claims were decided on direct review. A habeas court will not usually readjudicate claims previously raised and rejected on direct appeal. Reed v. Farley, 512 U.S. 339, 358 (1994) (Scalia, J., concurring in part and concurring in the judgment) ("[C]laims will ordinarily not be entertained under § 2255 that have already been rejected on direct review."); United States v. Perez, 129 F.3d 255, 260 (2d Cir. 1997) ("A § 2255 motion may not relitigate issues that were raised and considered on direct appeal.").

As described by the Second Circuit, Petitioner argued on appeal that "the court admitted tax returns without sufficient foundation." United States v. Frederick, 242 F.3d 368 (2d Cir. 2000). To the degree that Petitioner is relitigating issues that were raised and considered on direct appeal, his claims must be rejected. Specifically, Ground Ten (violation of the right to call, confront and cross-examine witnesses) makes the same arguments regarding the admission of evidence as were presented to and rejected by the Court of Appeals for the Second Circuit. However, Petitioner also claims that appellate counsel's presentation of these issues on appeal was ineffective. While the Court is procedurally barred from considering the merits of the underlying claims, Petitioner's ineffectiveness claim is cognizable on habeas review. Therefore, the Court will address Petitioner's ineffectiveness claims below.

## II. Procedural Default

As discussed below, all but one of Petitioner's remaining claims could have

5

been raised at trial or on direct appeal, but were not. Generally, courts have refused to

entertain § 2255 claims not raised on direct appeal unless a petitioner can show that

there was "cause" for failing to raise the claims and "prejudice" resulting therefrom, or

that he is actually innocent of the charges. See Bousley v. United States, 523 U.S. 614,

622-23 (1998) (holding that defendant who fails to raise a claim on direct appeal

cannot pursue the claim in a habeas petition unless he demonstrates either cause for the

default and ensuing prejudice for the default, or "factual innocence, not mere legal

insufficiency"); Underwood v. United States, 166 F.3d 84, 87-88 (2d Cir. 1999).[4] The

standard of review under the Antiterrorism and Effective Death Penalty Act 28 U.S.C.

§ 2255 requires clear and convincing evidence. Hines v. Elmira Correctional Facility,

2003 WL 21729836 (S.D.N.Y. July 25, 2003).

With the exception of the Ground One, ineffective assistance of counsel,

Petitioner could have raised all of his claims on direct appeal. Petitioner has not

offered cause to justify the default, except the claim that his attorneys were ineffective.

Ineffective assistance of counsel may constitute cause to satisfy the standard of

Bousley. Massaro v. United States, 538 U.S. 500, 504 (2003). However, as discussed

below, the Court finds that Petitioner's attorneys were not ineffective in failing to raise

these claims. Petitioner's claims are therefore procedurally barred.

---

[4] Petitioner does not argue actual innocence, therefore the actual innocence exception will not be addressed further.

## B. Petitioner's Claims

## I. *Ineffective Assistance of Counsel*

In <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the Supreme Court established two requirements to establish ineffective assistance of counsel. First, "the defendant must prove that counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms." <u>Id.</u> at 688. When evaluating reasonableness, the court should reconstruct the circumstances from counsel's perspective at the time rather than from hindsight. <u>Id.</u> at 689. As a result of difficulties in making this evaluation, there is a presumption that the challenged conduct may have been considered reasonable strategy. <u>Id.</u> at 689.

Second, the defendant must prove prejudice by showing that "there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694. The Petitioner must satisfy both of the <u>Strickland</u> requirements for each claim of ineffective assistance of counsel.

The majority of Petitioner's claims of ineffective assistance of counsel are asserted under Grounds Two through Twenty-Four. They are addressed below under their respective sections and will not be repeated here. Two claims of ineffective assistance of counsel are asserted by Petitioner only under Ground One, namely Matthews' alleged loss of "interview files for four prosecution witnesses" and Flamhaft's alleged failure to "appeal the denial of [Petitioner's] motion to discover." (Pet. Supplement at 8.)

7

Petitioner does not provide any evidence aside from his bare assertion to support the claim that Matthews lost files. He does not explain the nature or import of the "interview files for four prosecution witnesses." (Pet. Supplement at 8.) He does not assert that the information in the files was not or could not have been replaced, or that these contained the only copy of the information. Petitioner replaced Matthews with Flamhaft, who had the opportunity to investigate as needed. Flamhaft in fact thoroughly cross-examined the government witnesses. Therefore, the Court finds that even if Petitioner showed that Matthews' "representation fell below an objective standard of reasonableness . . . under prevailing professional norms," <u>Strickland</u>, 466 U.S. at 688, Petitioner fails to meet his burden of proof under the second prong of <u>Strickland</u>. <u>Id.</u> at 694. Petitioner has not affirmatively proven that the alleged loss of files had any actual adverse effect on his defense. <u>Id.</u> at 693 ("[A]ctual ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice . . . the defendant must show that they actually had an adverse effect on the defense."). Accordingly, Petitioner's claim that Matthews provided ineffective assistance of counsel because of the alleged loss of files fails.

Petitioner does not explain his assertion that his trial counsel, Flamhaft, allegedly failed to "appeal the denial of [Petitioner's] motion to discover." (Pet. Supplement at 8.) As explained regarding Ground Six (denial of discovery motion) there was no merit to objections to the denial of Petitioner's discovery motions.

8

Because there was no legally valid basis for an appeal, Petitioner has failed to demonstrate any resulting prejudice. Strickland, 466 U.S. at 693. Counsel cannot be deemed ineffective for failing to raise this ground because "failure to assert a baseless claim does not fall below an objective standard of reasonableness nor prejudice the defendant." Sanchez v. United States, 2005 WL 1005159, *3 (S.D.N.Y. Apr. 30, 2005). Accordingly, Petitioner's claim that Flamhaft provided ineffective assistance of counsel because of the alleged failure to appeal this Court's denial of Petitioner's discovery motion is denied.

The Court finds that whether Petitioner's claims are considered individually or cumulatively, see Lindstadt v. Keane, 239 F.3d 191, 199 (2d Cir. 2001), Petitioner has not established that his counsel was ineffective. Therefore, Petitioner's claims on this point are denied.

## II.   *Lack of Subject Matter Jurisdiction*

Petitioner asserts that the government's failure to present a referral from the Treasury Department to the Justice Department deprives this Court of jurisdiction. (Pet. at 3-4.) This is a claim that could have been raised on appeal but was not, and so Petitioner must demonstrate "cause" and "prejudice" for the failure to raise the claims earlier. Bousley v. United States, 523 U.S. 614, 622–23 (1998). The only explanation Petitioner has offered for his failure to raise the claims earlier is the allegation that his trial and appellate counsel were ineffective in failing to investigate and raise this issue at trial or on appeal. Since claims of ineffective assistance of counsel can be

9

considered at this stage, <u>Massaro v. U.S.</u>, 538 U.S. 500, 504 (2003), the Court will consider whether counsel's failure to raise this claim constituted ineffective assistance.

Petitioner's assertions are not supported by evidence or authority. This Court had both personal jurisdiction over the Petitioner and subject matter jurisdiction over violations of 18 U.S.C. § 371. 18 U.S.C. There is no evidence of any failure to follow proper procedure by either the Treasury Department or the Justice Department. In fact, "[t]he Department [of] Justice is responsible for handling all federal tax litigation, except those cases filed in the United States Tax Court." I.R.M. 31.1.4.5.1 (citing Exec. Order No. 6166 (June 10, 1933) <u>reprinted</u> <u>in</u> 5 U.S.C. § 901 (2005)).

The Court therefore finds that Petitioner has not satisfied the first <u>Strickland</u> requirement of showing Counsel's conduct has fallen below an objective standard of reasonableness or the second <u>Strickland</u> requirement of showing Counsel's conduct has altered the outcome of the proceedings. <u>Strickland</u>, 466 U.S. at 688-92. Counsel cannot be deemed ineffective for failing to raise this ground because "failure to assert a baseless claim does not fall below an objective standard of reasonableness nor prejudice the defendant." <u>Sanchez</u>, 2005 WL 1005159, *3. Therefore, Petitioner's claims on this point are denied.

## III.    *Defects in the Indictment*

Petitioner asserts that his counsel was ineffective for failing to argue that the superseding indictment was defective in that it failed to include the elements of conspiratorial intent and agreement with another. (Pet. at 4.) As with Petitioner's

10

other claims, the Court finds that the ineffectiveness claim can be considered at this stage even though the underlying jurisdictional issue would otherwise be procedurally barred due to Petitioner's failure to raise the issue at earlier stages of the proceedings. Bousley, 523 U.S. at 622–23; Massaro, 538 U.S. 500.

Petitioner's claim is unfounded because the superseding indictment listed every element of the crime of conspiracy. The elements of conspiratorial intent and agreement with another were made clear from the allegation of the superseding indictment that Petitioner and his co-defendant "knowingly" and "willfully" conspired to commit an offense against the United States.[5] (Superseding indictment ¶ 1). The elements of conspiratorial intent and agreement with another are also clear from the allegation of the superseding indictment that "together with others" Petitioner and his co-defendant actually committed numerous overt acts "in furtherance of the conspiracy."[6] (Superseding indictment ¶ 4). Because any arguments on this point

_____

[5] "1. In or about and between February 1992 and July 31, 1994, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants HERMAN E. FREDERICK and RHEMA N. ADEJOLA, also known as "Mitzie Reid," "Dr. Mitzie Reid," and "Dr. Adejola," did *knowingly* and *willfully* conspire to aid and assist in, procure, counsel, and advise the preparation and presentation to the Internal Revenue Service ("IRS"), under the internal revenue laws of the United States, of income tax returns for calendar tax years 1990 through 1993, which returns were fraudulent and false as to material matters, in that the returns represented that the taxpayers were entitled under the internal revenue laws to claim Schedule C business deductions, whereas, as the defendants HERMAN E. FREDERICK and RHEMA N. ADEJOLA then and there *well knew and believed*, said taxpayers were not entitled to claim said deductions, in violation of Title 26, United States Code, Section 7206(2)." (Emphasis added) (Superseding indictment, ¶ 1).

[6] "4. In furtherance of the conspiracy and to effect the objectives thereof, within the Eastern District of New York and elsewhere, the defendants HERMAN E. FREDERICK and RHEMA N. ADEJOLA, together with others, committed and caused to be committed the following [overt acts.]" (Superseding indictment, ¶ 4).

11

would have been meritless, Petitioner's counsel cannot be held ineffective for failing to raise the claim. Sanchez, 2005 WL 1005159, at *3. Therefore, Petitioner's claims on this point are denied.

## IV. *Judicial Amendment to the Indictment*

Petitioner asserts that his attorney was ineffective for failing to argue that Petitioner was charged in the superseding indictment of violating the "offense" clause of 26 U.S.C. § 371 but was convicted of the "defraud" clause of 26 U.S.C. § 371. (Pet. at 5.) Petitioner further asserts that the "defraud" clause of 26 U.S.C. § 371 carries a lower maximum penalty. (Id.) While the substantive claim may be procedurally barred due to Petitioner's failure to raise the claim at trial or on direct appeal, Bousley, 523 U.S. at 622–23, the Court will consider Petitioner's ineffectiveness claim. Massaro, 538 U.S. 500.

Both of Petitioner's assertions regarding 26 U.S.C. § 371 are incorrect. The jury instructions included a verbatim reading of the indictment. In other words, Petitioner was convicted of the exact offense charged against him in the superseding indictment, *i.e.* conspiring to commit an offense against the United States. Petitioner was convicted by the jury of violating 26 U.S.C. § 371, which states in pertinent part:

> If two or more persons conspire *either to commit any offense* against the United States, *or to defraud* the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both. 26 U.S.C. § 371 (emphasis added).

12

Both the "offense" and "defraud" 26 U.S.C. § 371 carry a maximum penalty of five years. 26 U.S.C. § 371. Arguments on this point would have been meritless because Petitioner was convicted of the crime with which he was charged, and because there is no separate penalty for the different clauses Petitioner has identified. Because any arguments on this point would have been meritless, Petitioner's counsel cannot be held ineffective for failing to raise the claim. Sanchez, 2005 WL 1005159, at *3. Therefore. Petitioner's claims on this point are denied.

## V. This Court's Alleged Foreknowledge of Facts

Petitioner asserts that his attorney was ineffective for failing to argue that this Court was prejudiced due to personal knowledge of disputed evidentiary facts, allegedly obtained through plea bargains. (Pet. at 6.) While the substantive claim may be procedurally barred due to Petitioner's failure to raise the claim at trial or on direct appeal, Bousley, 523 U.S. at 622–23, the Court will consider Petitioner's ineffectiveness claim. Massaro. 538 U.S. 500.

Petitioner does not specify any particular fact known or prejudicial act taken by this Court. No specific extrajudicial knowledge or action is asserted. Instead, Petitioner simply makes the general assertion that this "Court's foreknowledge of these disputed evidentiary facts caused him to pre-judge the the [sic] case against [Petitioner] and subsequently rule with prejudice." Petitioner has therefore failed to meet his burden of proof in showing an actual adverse effect. Strickland, 466 U.S. at 693. Moreover, even if this Court was aware of information from another case, this

13

would have been in no way improper. In re Drexel Burnham Lambert, Inc., 861 F.2d

1307 at 1314 (2d Cir. 1988) (explaining the limitations of 28 U.S.C. § 455(b)(1) on

recusal for personal knowledge of a case). Because any arguments on this point would

have been meritless, Petitioner's counsel cannot be held ineffective for failing to raise

the claim. Sanchez, 2005 WL 1005159, at *3. Therefore, Petitioner's claims on this

point are denied.

## VI. Denial of Discovery Motion

Petitioner asserts that his attorney was ineffective for failing to argue that this

Court's denial of his pre-trial discovery motion violated Petitioner's rights to due

process under the Fifth Amendment and compulsory process under the Sixth

Amendment. (Pet. at 7.) While the substantive claim may be procedurally barred due

to Petitioner's failure to raise the claim at trial or on direct appeal, Bousley, 523 U.S. at

622–23, the Court will consider Petitioner's ineffectiveness claim. Massaro, 538 U.S.

500.

After tax returns specifically referred to in the indictment were provided to

Petitioner, Petitioner made a discovery motion under Rule 16 of the Federal Rules of

Criminal Procedure ("Rule 16") for all tax returns and audit materials relating to three

witnesses, twenty-two clients, and Century, over the previous five years. Petitioner

was required to make a "particularized showing of materiality and usefulness" in order

to show that such a motion should have been granted. United States v. Evanchik, 413

F.2d 950, 953 (2d. Cir. 1969). Petitioner now theorizes that the documents could have

14

revealed fraud unrelated to Petitioner's case, which he believes would have lessened his complicity. (Pet. at 7.) Such conclusory and speculative suppositions are plainly insufficient for a Rule 16 motion. Evanchik, 413 F.2d at 953; United States v. Failla, 1993 WL 547419, at *8 (E.D.N.Y. Dec. 21, 1993). Given the conclusory and speculative nature of the request, neither admission of the requested documents nor their in camera review was required.

Additionally, the request for documents related to witnesses was premature. Rule 16 states in pertinent part that it does not "authorize the discovery or inspection of statements made by government witnesses or prospective government witnesses except as provided in 18 U.S.C. § 3500." Fed. R. Crim. P. 16(a)(2). Under 18 U.S.C. § 3500, statements or reports made by government witnesses are not discoverable until a witness has testified on direct examination in the trial of the case. 18 U.S.C § 3500(a). The witnesses had not yet testified when Petitioner made his request. Even if he had concrete and specific reasons for his motion, his request for documents based on impeachment value was thus premature. United States v. Ashley, 905 F.Supp. 1146, 1169 (E.D.N.Y. Nov. 3, 1995); United States v. McGuinness, 764 F.Supp. 888, 896 (S.D.N.Y. 1991) ("It is well settled that the government is not required to disclose impeachment material before the relevant witness has testified.") (citations omitted). Because any arguments on this point would have been meritless, Petitioner's counsel cannot be held ineffective for failing to raise the claim. Sanchez, 2005 WL 1005159, at *3. Therefore, Petitioner's claims on this point are denied.

 P-049

## VII. Violation of the Right to Counsel of Choice with Regard to Matthews

Petitioner asserts that appellate counsel was ineffective for failing to argue that this Court encouraged the replacement of his counsel by waiting to rule on Petitioner's motion to adjourn until October 8, 1999, by which time Petitioner had already replaced appointed counsel with retained counsel. (Pet. at 8-10.) While Petitioner's motion was granted, Petitioner asserts that if this Court had ruled on Petitioner's motion earlier, Petitioner would have not retained new counsel. (Id.) Petitioner asserts that the timing of this Court's ruling violated Petitioner's Sixth Amendment right to counsel. (Pet. at 8-10.) While the substantive claim may be procedurally barred due to Petitioner's failure to raise the claim at trial or on direct appeal, Bousley, 523 U.S. at 622–23, the Court will consider Petitioner's ineffectiveness claim. Massaro, 538 U.S. 500.

The Court finds that Petitioner has not proven that the timing of this Court's ruling violated Petitioner's Sixth Amendment right to counsel. When asked about Petitioner's decision to hire new counsel, Petitioner responded that his previous counsel "ha[d] not obtained subpoenaed information that I needed for my defense, and I believe I was grossly not [sic] represented properly." (Tr. of Status Conference, October 8, 1999, at 2.) In other words, according to Petitioner's own claims, the reason he replaced appointed counsel was because of perceived inadequacies in her performance, rather than anything related to this Court's timing in ruling on his motions. Because any arguments on this point would have been meritless in light of

16

Petitioner's statement, Petitioner's counsel cannot be held ineffective for failing to raise the claim. <u>Sanchez</u>, 2005 WL 1005159, at *3. Therefore, Petitioner's claims on this point are denied.

## VIII. *Failure to Advise Petitioner of the Right to Counsel*

Petitioner asserts that appellate counsel was ineffective for failing to argue that this Court should have advised Petitioner of his Sixth Amendment right to assistance of counsel. (Pet. at 11.) While the substantive claim may be procedurally barred due to Petitioner's failure to raise the claim at trial or on direct appeal, <u>Bousley</u>, 523 U.S. at 622–23, the Court will consider Petitioner's ineffectiveness claim. <u>Massaro</u>, 538 U.S. 500.

Petitioner does not allege actual ignorance of his right to assistance of counsel. Petitioner demonstrated his understanding of his right to assistance of counsel by repeatedly hiring new counsel. This Court at no point denied Petitioner the right to select counsel of his own choice, a right he exercised with vigor. Therefore, there was no basis for appellate counsel to believe that any violation of Petitioner's right to effective assistance or to the counsel of his choice was violated. Because any arguments on this point would have been meritless, Petitioner's counsel cannot be held ineffective for failing to raise the claim. <u>Sanchez</u>, 2005 WL 1005159, at *3. Therefore, Petitioner's claims on this point are denied.

## IX. *Violation of the Right to Preparation Time with Regard to the Joint Motion*

Petitioner asserts that appellate counsel was ineffective for failing to argue that

17

this Court violated Petitioner's right to preparation time when, at a pre-trial conference held on October 8, 1999, this Court denied Petitioner's request for a continuance. (Pet. at 12). While the substantive claim may be procedurally barred due to Petitioner's failure to raise the claim at trial or on direct appeal, <u>Bousley</u>, 523 U.S. at 622–23, the Court will consider Petitioner's ineffectiveness claim. <u>Massaro</u>, 538 U.S. 500.

Petitioner's assertions are incorrect. After the government withdrew its opposition, this Court granted a continuance and set a new trial date for November 29, 1999. (Tr. of Status Conference dated October 8, 1999, at 3.) Therefore, Petitioner received as much preparation time as he requested, and was not disadvantaged in any way. Because any arguments on this point would have been meritless, Petitioner's counsel cannot be held ineffective for failing to raise the claim. <u>Sanchez</u>, 2005 WL 1005159, at *3. Therefore, Petitioner's claims on this point are denied.

## X. *Violation of the Right to Call, Confront and Cross-Examine Witnesses*

Petitioner asserts that counsel was ineffective for failing to argue that his Sixth Amendment rights to call, confront and cross examine witnesses were violated due to the admission of tax returns without requiring the testimony of taxpayers.[7] (Pet. at 13.) While the substantive claim may be procedurally barred due to Petitioner's failure to raise the claim at trial or on direct appeal, <u>Bousley</u>, 523 U.S. at 622–23, the Court will

---

[7] Petitioner repeats arguments made under other grounds, including Grounds Two (lack of jurisdiction), Six (denial of discovery motion), Seven (violation of Petitioner's right to counsel of choice with regard to Matthews), and Nine (violation of Petitioner's right to preparation time with regard to Joint Motion). The Court addresses Petitioner's arguments made under other grounds under the corresponding subsections of this Memorandum and Order.

18

consider Petitioner's ineffectiveness claim. <u>Massaro</u>, 538 U.S. 500.

Petitioner does not allege that he was barred from calling, confronting or cross-examining these witnesses himself. Rather, he is arguing that this Court should not have permitted the Government to introduce the tax returns without requiring them to call the taxpayers as witnesses. Petitioner in effect is rearguing the suppression motion that was denied for reasons explained at length in <u>United States v. Frederick</u>, 1999 WL 714120 (E.D.N.Y. Mar. 4, 1999). The Internal Revenue Service served an administrative summons under 26 U.S.C. § 7602 and the documents were delivered pursuant to the summons. <u>Id.</u> The documents were then properly admitted as evidence. Petitioner has offered no new reason why his suppression motion should have been granted. Because any arguments on this point would have been meritless, Petitioner's counsel cannot be held ineffective for failing to raise the claim. <u>Sanchez</u>, 2005 WL 1005159, at *3. Moreover, because Petitioner's attorney effective made this argument at an earlier stage of these proceedings, this Court is procedurally barred from considering the claim at this point. <u>Perez</u>, 129 F.3d at 260. Therefore, Petitioner's claims on this point are denied.

**XI.** *Violation of the Right to Preparation Time with Regard to Petitioner's*
*November 22, 1999 Continuance Request*

Petitioner asserts that counsel was ineffective for failing to argue that the denial of Petitioner's request for a continuance, made in the week before the trial, violated Petitioner's right to a sufficient preparation period. (Pet. at 15.) While the substantive

claim may be procedurally barred due to Petitioner's failure to raise the claim at trial or on direct appeal, Bousley, 523 U.S. at 622–23, the Court will consider Petitioner's ineffectiveness claim. Massaro, 538 U.S. 500.

Petitioner's request came after a previously-granted seven week continuance, and after the superseding indictment was simplified to one count of conspiracy. Petitioner had seventeen months to prepare between issuance of the original indictment on July 7, 1998 and the beginning of trial on December 7, 1999. Petitioner fails to explain how the reduction in charges against him justified a further continuance. In fact, reduction in charges presents no reason to require additional time to prepare for trial. Because any arguments on this point would have been meritless, Petitioner's counsel cannot be held ineffective for failing to raise the claim. Sanchez, 2005 WL 1005159, at *3. Therefore, Petitioner's claims on this point are denied.

## XII. Conflict of Interest

Petitioner asserts that his trial counsel, Flamhaft, went to England before trial, and that counsel's interest in traveling conflicted with Petitioner's interest in representation. (Pet. at 16.) While Petitioner phrases this as a conflict of interest, given his *pro se* status his arguments will be construed liberally "to raise the strongest arguments that they suggest," Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994), and the Court will construe this as a general claim of ineffective assistance of counsel.[8]

---

[8] Petitioner's underlying argument alleges neither a "per se" conflict of interest, United States v. Williams, 372 F.3d 96, 103 (2d Cir. 2004) (defining "per se" conflicts of interest as those arising "only

20

Petitioner also asserts that a continuance should have been granted during Flamhaft's absence. (Pet. at 12.) While the substantive claim may be procedurally barred due to Petitioner's failure to raise the claim at trial or on direct appeal, <u>Bousley</u>, 523 U.S. at 622–23, the Court will consider Petitioner's ineffectiveness claim. <u>Massaro</u>, 538 U.S. 500.

Petitioner was represented during Flamhaft's absence by an associate of Flamhaft, and therefore was continuously represented by counsel. (Pet. at 16.) Petitioner was at no point denied the right to counsel, nor has Petitioner demonstrated any prejudice arising from the actions or inactions of Flamhaft or his associate, nor from the denial of the continuance during Flamhaft's absence. In order to show prejudice Petitioner must show that his counsel's action "actually had an adverse effect on the defense," <u>Strickland</u>, 466 U.S. at 693, but Petitioner fails to indicate any problem that arose during Flamhaft's brief absence, nor any reason why Flamhaft could not address any problem upon his return. Petitioner has failed to meet his burden of proof because Flamhaft's behavior was neither below prevailing professional norms, nor is there any indication that they changed the result of the proceeding. <u>Strickland</u>, 466 U.S. at 668, 694. Therefore, Petitioner's claims on this

---

where trial counsel is not authorized to practice law and where trial counsel is implicated in the same or closely related criminal conduct for which the defendant is on trial") (internal quotation marks omitted), an "actual" conflict of interest, <u>id.</u> at 102 (defining "actual" conflicts of interest as "when the interests of a defendant and his attorney diverge with respect to a material factual or legal issue or to a course of action") (internal quotation marks omitted), or a "potential" conflict of interest. <u>Id.</u> (defining "potential" conflicts of interest as those that arise in situations where "the interests of the defendant may place the attorney under inconsistent duties at some time in the future") (internal quotation marks omitted).

P-049

point are denied.

### XIII. *Speedy Trial Act Violation*

Petitioner asserts that counsel was ineffective for failing to argue that this Court's denial of a continuance during Flamhaft's absence in the circumstances described in Ground Twelve amount to a violation of the Speedy Trial Act, 18 U.S.C. § 3161(c)(2) and 18 U.S.C. § 3161(h)(8). (Pet. at 18.) While the substantive claim may be procedurally barred due to Petitioner's failure to raise the claim at trial or on direct appeal, Bousley, 523 U.S. at 622–23, the Court will consider Petitioner's ineffectiveness claim. Massaro, 538 U.S. 500.

Under 18 U.S.C. § 3161(c)(2), "[u]nless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to proceed pro se." 18 U.S.C. § 3161(h)(8) states in pertinent part:

> (h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence: . . . (8)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

In granting the continuance on October 8, 1999, this Court explained that time is excluded for substitution of counsel, in the interest of the community and in the best interest of the defendant. Petitioner made no objection at the time. In fact, Petitioner

22

has stated in the present motion that he wanted the continuance to be granted, and that he sought a further delay in the start date of the trail. (Pet. at 12, 15.) Neither the October 8, 1999 continuance nor the trial start date without further continuances constituted a violation of the Speedy Trial Act. Because any arguments on this point would have been meritless, Petitioner's counsel cannot be held ineffective for failing to raise the claim. Sanchez, 2005 WL 1005159, at *3. Therefore, Petitioner's claims on this point are denied.

## XIV. *Ex Parte Communication*

Petitioner asserts that counsel was ineffective for failing to argue that a letter from the Government dated December 6, 1999 was an *ex parte* evidentiary showing. (Pet. at 19.) While the substantive claim may be procedurally barred due to Petitioner's failure to raise the claim at trial or on direct appeal, Bousley, 523 U.S. at 622–23, the Court will consider Petitioner's ineffectiveness claim. Massaro, 538 U.S. 500.

The letter was presented in open court and contemporaneously hand-delivered to Petitioner's counsel. The letter repeated arguments made orally. The letter was clearly not *ex parte*, nor was any there any prejudice caused by the letter. Because any arguments on this point would have been meritless, Petitioner's counsel cannot be held ineffective for failing to raise the claim. Sanchez, 2005 WL 1005159, at *3. Therefore, Petitioner's claims on this point are denied.

23

## XV. Jury Instructions

Petitioner asserts that counsel was ineffective for failing to argue that the jury was biased for a variety of reasons.[9] (Pet. at 20.) While Petitioner phrases this as a claim of jury bias, given his *pro se* status his arguments will be construed liberally "to raise the strongest arguments that they suggest," Burgos, 14 F.3d at 790, and the Court will construe this as a claim of defective jury instructions.[10] While the substantive claim may be procedurally barred due to Petitioner's failure to raise the claim at trial or on direct appeal, Bousley, 523 U.S. at 622–23, the Court will consider Petitioner's ineffectiveness claim. Massaro, 538 U.S. 500.

Petitioner asserts that appellate counsel was ineffective for failing to argue that this Court should not have rejected defense counsel's request that the jury instructions include a "multiple conspiracy" jury instruction. (Pet. at 21.) However, Petitioner has put forward no evidence to support the existence of separate networks that were operating independently of each other, as would be required in order to merit such an instruction. United States v. Cusimano. 123 F.3d 83, 89 (2d Cir. 1997). In the absence of any evidence of multiple conspiracies, this instruction would only have confused the jury. Therefore, there is no reason to reverse the determination of this Court on this

---

[9] Petitioner repeats arguments made under other grounds, including Grounds Six (denial of discovery motion), Ten (violation of the right to counsel of choice), Fourteen (*ex parte* communication) and Seventeen (multiple other conspiracies). The Court addresses Petitioner's arguments made under other grounds under the corresponding sub-sections of this Memorandum and Order.

[10] Petitioner's claim that the jury was biased is grounded entirely on the assertion that they received defective instructions. Therefore, the Court construes this claim as a challenge to the jury instructions.

P-049

instruction.

Petitioner also asserts that counsel was ineffective for failing to argue that this Court did not instruct the jury as to the specific elements of the charged conspiracy as opposed to the generally defined elements of a conspiracy. (Pet. at 21.) This assertion is incorrect. The entire indictment was read to the jury, with a comprehensive explanation. The indictment listed the specific elements of the charged conspiracy. Therefore, there is no reason to believe that the jury instructions were defective because they lacked specificity with regard to the elements of the charged conspiracy.

None of Petitioner's assertions regarding jury bias have merit. Because Petitioner failed to raise a timely objection to the jury instructions, Petitioner must now show that jury instructions had a "plain error" that affects substantial rights. <u>Jones v. United States</u>, 527 U.S. 373, 389 (1999). Petitioner fails to do so. Because any arguments on this point would have been meritless, Petitioner's counsel cannot be held ineffective for failing to raise the claim. <u>Sanchez</u>, 2005 WL 1005159, at *3. Therefore, Petitioner's claims on this point are denied.

## XVI. <u>*Brady*</u> *Violation and Purchased Testimony*

Petitioner asserts that counsel was ineffective for failing to argue that testimony obtained through promises of leniency violated 18 U.S.C. § 201(c)(2).[11] (Pet'r

---

[11] Petitioner relies on a case, <u>United States v. Singleton</u>, 144 F.3d 1343 (10th Cir. 1998) which was reversed in <u>United States v. Singleton</u>, 165 F.3d 1297 (10th Cir. 1999) (en banc) (cert denied, 527 U.S. 1024).

Supplement at 84.) While the substantive claim may be procedurally barred due to Petitioner's failure to raise the claim at trial or on direct appeal, Bousley, 523 U.S. at 622–23, the Court will consider Petitioner's ineffectiveness claim. Massaro, 538 U.S. 500.

Section 201(c)(2) provides that:

> [w]hoever . . . directly or indirectly, gives, offers or promises anything of value to any person, for or because of the testimony under oath or affirmation given or to be given by such person as a witness upon a trial . . . before any court . . . shall be fined under this title or imprisoned for not more than two years, or both.

It is well settled law that "18 U.S.C. § 201(c)(2) does not apply to the United States or to any Assistant United States Attorney acting within his or her official capacity." United States v. Stephenson, 183 F.3d 110, 118 (2d. Cir. 1999) (agreeing with Singleton, 165 F.3d 1297). Therefore even if testimony was obtained through promises by an Assistant United States Attorney acting within his or her official capacity, 18 U.S.C. § 201(c)(2) is not applicable. Because any arguments on this point would have been meritless, Petitioner's counsel cannot be held ineffective for failing to raise the claim. Sanchez, 2005 WL 1005159, at *3. Therefore, Petitioner's claims on this point are denied.

Petitioner also asserts that the alleged discovery violation described in Ground Six is a violation of Brady v. Maryland, 373 U.S. 83 (1963) and its progeny. (Pet. at 21.) In Brady, the Supreme Court held that non-disclosure by the prosecution of material evidence violates due process. Brady, 373 U.S. at 87. Evidence is material

26



when "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Bagly, 473 U.S. 677, 682 (1985). Here, all material evidence was disclosed by the government. (Letter from Dorsky to Murray of August 6, 1998; Letter of Genser to Matthews of October 6, 1999; Letter from Dorsky to Murray of September 3, 1998; Letter from Dorsky to Matthews of September 27, 1999; Letter from Genser to Matthews of September 29, 1999; Letter of Genser to Flamhaft of November 2, 1999; Letter of Genser to Flamhaft of November 16, 1999; Letter of Genser to Flamhaft of November 19, 1999; Letter of Genser to Flamhaft of November 22, 1999; Letter of Genser to Flamhaft of November 27, 1999) (providing Petitioner with all relevant materials in the government's custody or control prior to trial, including impeachment material and prior witness statements).

Petitioner theorizes that there were suppressed documents which could reveal fraud unrelated to Petitioner's case, which he believed would lessen his complicity. (Pet. at 22.) Petitioner also theorizes that there were suppressed documents which could have shed doubt on the reliability of witnesses. (Id.) However, Petitioner cannot show that this hypothetical evidence, even if it existed, would have been likely to affect the outcome of the case. "Where substantial evidence of guilt entirely unrelated to the withheld impeachment evidence exists, it will be more difficult to argue that there is a reasonable probability that the withheld evidence, if disclosed, would have resulted in a different verdict." United States v. Orena, 145 F.3d 551, 558 (2d Cir.

27





1998). Even if Petitioner had discovered information which would in some way impeach a witness or aid his defense, the substantial evidence of guilt described with regards to Ground Seventeen would make it difficult to show a reasonable probability that the withheld evidence, if disclosed, would have resulted in a different verdict. Petitioner fails to allege any particular fact contained in any document which would exculpate Petitioner in any way. Therefore, Petitioner fails to show that there was a reasonable probability that the result of the proceeding would have been different. See Bagly, 473 U.S. at 682 (1985). Because any arguments on this point would have been meritless, Petitioner's counsel cannot be held ineffective for failing to raise the claim. Sanchez, 2005 WL 1005159, at *3. Therefore, Petitioner's claims on this point are denied.

## XVII.        *Variance in Proof Regarding Multiple Other Conspiracies*

Petitioner asserts that counsel was ineffective for failing to argue that there was a "variance between the indictment and the extra judicial confessions." (Pet'r Supplement at 104.) Petitioner has characterized this as a "variance in indictment" claim, but the "variance" alleged is that "an abundance of evidence at trial supported a finding of a series of similar independent and unrelated conspiracies" rather than the jury's finding of Petitioner's participation in a conspiracy. (Pet'r Supplement at 106.) While Petitioner phrases this as a claim of "variance in indictment," given his *pro se* status his arguments will be construed liberally "to raise the strongest arguments that they suggest," Burgos, 14 F.3d at 790, and the Court will construe this as a claim of



28

insufficiency of evidence.[12]  While the substantive claim may be procedurally barred

due to Petitioner's failure to raise the claim at trial or on direct appeal, Bousley, 523

U.S. at 622–23, the Court will consider Petitioner's ineffectiveness claim.  Massaro,

538 U.S. 500.

The decision of the jury that Petitioner participated in a conspiracy cannot be

disregarded if "after viewing the evidence in the light most favorable to the

prosecution, any rational trier of fact could have found the essential elements of the

crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).

Here, the jury evaluated the extensive documentation showing Petitioner's central role

in the conspiracy as well as the testimony of three accomplices, four victims, and

seven eye-witnesses.  The Court finds that a "rational trier of fact could have

concluded beyond a reasonable doubt that the scope of the criminal enterprise proven

at trial matches the single conspiracy alleged in the indictment and that the defendant

participated in the alleged enterprise with consciousness of its general nature and

extent." United States v. Millar, 79 F.3d 338, 344 (2d Cir. 1996).  In other words,

there was sufficient evidence to support the verdict.  Because any arguments on this

point would have been meritless, Petitioner's counsel cannot be held ineffective for

failing to raise the claim. Sanchez, 2005 WL 1005159, at *3.  Therefore, Petitioner's

---

[12] Petitioner repeats arguments made under other grounds, including Grounds Four (judicial
amendment to the indictment), Fourteen (*ex parte* communication), and Fifteen (biased jury).  The Court
addresses Petitioner's arguments made under other grounds under the corresponding sub-sections of this
Memorandum and Order.

29



claims on this point are denied.

## XVIII.    *Defective Jury Instructions*

Petitioner asserts that counsel was ineffective for failing to argue that the jury

instructions indicated that a conspiracy involves two or more persons but that the

superseding indictment did not charge "others."[13] (Pet. at 27.) While the substantive

claim may be procedurally barred due to Petitioner's failure to raise the claim at trial or

on direct appeal, Bousley, 523 U.S. at 622–23, the Court will consider Petitioner's

ineffectiveness claim. Massaro, 538 U.S. 500.

Petitioner is factually wrong because the superseding indictment did charge

Frederick and his co-defendant in a conspiracy together with unnamed others. The

superseding indictment alleges that "defendants HERMAN E. FREDERICK *and*

*RHEMA N. ADEJOLA, together with others*, committed and caused to be committed

the following [overt acts]" (Superseding Indictment ¶ 4) (emphasis added). In ¶¶ 4(a)

and 4(h) of the superseding indictment an unnamed "co-conspirator" is alleged to have

committed two of the overt acts. Because any arguments on this point would have

been meritless, Petitioner's counsel cannot be held ineffective for failing to raise the

claim. Sanchez, 2005 WL 1005159, at *3. Therefore, Petitioner's claims on this point

are denied.

---

[13] Petitioner repeats arguments made under other grounds, including Grounds Two (lack of
jurisdiction), Five (foreknowledge of facts), Fifteen (biased jury), and Sixteen (Brady violation). The
Court addresses Petitioner's arguments made under other grounds under the corresponding sub-sections
of this Memorandum and Order.



*XIX. Sufficiency of the Evidence*

Petitioner asserts that counsel was ineffective for failing to argue that without a conviction of his co-defendant there was insufficient evidence to support the guilty verdict.[14] (Pet. at 28.) While the substantive claim may be procedurally barred due to Petitioner's failure to raise the claim at trial or on direct appeal, <u>Bousley</u>, 523 U.S. at 622–23, the Court will consider Petitioner's ineffectiveness claim. <u>Massaro</u>, 538 U.S. 500.

An alleged inconsistency in the verdicts is not sufficient reason to overturn the jury's determination of Petitioner's guilt because the acquittal of Petitioner's co-defendant could have been the result of lenity towards Petitioner's co-defendant rather than an error which harmed Petitioner. <u>United States v. Powell</u>, 469 U.S. 57, 66 (1984) (rejecting as "imprudent and unworkable, a rule that would allow criminal defendants to challenge inconsistent verdicts on the ground that in their case the verdict was not the product of lenity, but of some error that worked against them."). It has been held that "[i]n light of <u>Powell</u>, one defendant's conspiracy conviction does not become infirm by reason of jury verdicts against all of his alleged coconspirators. Rather, the convicted defendant's protection against an irrational verdict is his ability to have the courts review the sufficiency of the evidence to support his conviction."

---

[14] Petitioner repeats arguments made under other grounds, including Grounds Ten (Violation of the right to call, confront and cross-examine witnesses), Fifteen (biased jury), Seventeen (variance in proof regarding multiple other conspiracies), and Eighteen (defective jury instructions). The Court addresses Petitioner's arguments made under other grounds under the corresponding sub-sections of this Memorandum and Order.

31



<u>United States v. Acosta</u>, 17 F.3d. 538, 545 (2d Cir. 1994) (citations omitted).[15]
Petitioner's argument misreads the law as to the import of an inconsistent jury verdict.

Further, Petitioner fails to show inconsistency in the jury verdict. As explained in relation to Ground Seventeen, a defendant challenging the sufficiency of the evidence must show that even after every reasonable inference is drawn against them, no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>United States v. Gore</u>, 154 F.3d 34, 40 (2d Cir. 1998). The acquittal of Petitioner's co-defendant does not meet that heavy burden. As explained in Ground Eighteen, the superseding indictment alleged that the conspiracy included others, apart from Petitioner's co-defendant, with whom Petitioner conspired. Thus, the acquittal of Petitioner's co-defendant does not necessitate the acquittal of Petitioner because Petitioner could have conspired with others.

Because any arguments on this point would have been meritless, Petitioner's counsel cannot be held ineffective for failing to raise the claim. <u>Sanchez</u>, 2005 WL 1005159, at *3. Therefore, Petitioner's claims on this point are denied.

## XX. *Prejudicial Variance*

Petitioner re-asserts that counsel was ineffective for failing to argue "the combined and cumulative [e]ffect of the constitutional and trial errors complained of in Grounds One through Twenty-Four." (Pet. at 31.) Arguments made regarding other

---

[15] As explained with regard to Grounds Seventeen and Eighteen, the verdict cannot be considered irrational.

P-049

grounds are addressed in their respective sections. While the referred to claims may be procedurally barred due to Petitioner's failure to raise the claim at trial or on direct appeal, Bousley, 523 U.S. at 622–23, the Court will consider Petitioner's ineffectiveness claim. Massaro, 538 U.S. 500. However, because Petitioner's underlying claims are without merit, as explained above, Petitioner's counsel cannot be held ineffective for failing to raise the claims. Sanchez, 2005 WL 1005159, at *3. Therefore, Petitioner's claims on this point are denied.

## XXI. *Failure to Deliver Good Faith Defense*

Petitioner asserts that counsel was ineffective for not introducing a defense based on Petitioner's "good faith" reliance on the Charles J. Givens Organization ("Givens"). (Pet. at 31.) While Petitioner does not explain what his defense would have been, given his *pro se* status his arguments will be construed liberally "to raise the strongest arguments that they suggest." Burgos, 14 F.3d at 790. The Court infers that Petitioner is suggesting that he would have argued that the Givens materials misled him and caused him to believe his actions were lawful, such that he lacked specific intent to violate the law. Specific intent to violate the law is an element of certain federal criminal tax offenses. Cheek v. United States, 498 U.S. 192, 200 (1991). 26 U.S.C. § 7206(2) is a specific intent statute requiring "willfulness" or "an intentional violation of a known legal duty." United States v. Aracri, 968 F.2d 1512, 1523 (2d Cir. 1992).

Flamhaft argued that Petitioner relied in good faith upon his employees in order to suggest that Petitioner lacked specific intent to violate the law. Despite Flamhaft's

33

investigation of the law and facts, and despite arguments that Petitioner relied on others and did not have the required specific intent, the jury found that Petitioner had the specific intent required to support a conviction.

Petitioner provides no evidence that Givens' materials would show that Givens in any way condoned actions such as those taken by Petitioner. Given the lack of evidence that the Givens materials might induce him to believe his behavior was legal, there is no reason to believe that focusing instead on Petitioner's alleged reliance on his employees was a poor strategic choice. There are sound reasons why Flamhaft may have chosen to make the strategic choice of focusing on other defenses than reliance on Givens. Flamhaft could have concluded that the jury may have felt Petitioner was simply shirking responsibility for his actions, or could have concluded that Petitioner's overall credibility would have suffered if the jury did not believe that Givens condoned Petitioner's actions. Petitioner fails to show that Flamhaft made any error in strategy.

Even if Petitioner had shown that his counsel made a poor strategic choice, however, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Strickland, 466 U.S. at 690. The Court finds that Flamhaft made a thorough investigation of the law and facts, going so far as to retain Greg Polvere, a forensic investigator and former IRS investigator in order to thoroughly prepare for Petitioner's defense. (Pet. at 32.) Petitioner fails to show "that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment" as required by the first

34

prong of the Strickland test. Strickland, 466 U.S. at 687.

Even if Petitioner had not failed to establish the first prong of Strickland,
Petitioner fails to show that the result of the proceeding would have been different had
Petitioner's counsel argued he relied on the Givens materials, especially given the
jury's rejection of arguments regarding his alleged reliance on his employees.
Therefore, Petitioner's claims on this point are denied.

**XXII.** *Violation of the Right to Testify*

Petitioner asserts that appellate counsel was ineffective for failing to argue that
Flamhaft failed to "allow or inform" Petitioner of his Sixth Amendment right to testify
in his own defense. (Pet. at 33.) While the substantive claim of a violation of his
Sixth Amendment right to testify may be procedurally barred due to Petitioner's failure
to raise the claim at trial or on direct appeal, Bousley, 523 U.S. at 622–23, the Court
will consider Petitioner's ineffectiveness claim. Massaro, 538 U.S. 500.

Petitioner's bare allegation regarding his counsel failing to inform him of his
right to testify is unsupported by any evidence. If corroborated, such an allegation may
raise an issue on the first prong of the Strickland test, but without corroboration such
an argument fails. See DeLuca v. Lord, 858 F. Supp. 1330, 1360 (S.D.N.Y. 1994).
("A 'barebones assertion' by a defendant that her counsel failed to inform her of her
rights is insufficient to establish an ineffectiveness of counsel claim under
Strickland."). Even if Petitioner had corroborated his assertion, no discussion of the
first prong is required because Petitioner's arguments fail the second prong of the

35

Strickland test. Strickland, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed."). Petitioner fails to show how his testimony had a reasonable probability of changing the outcome of the proceedings. See id. at 694; Brown, 124 F.3d at 81 (Finding that defendant failed to satisfy the second prong of the Strickland test because defendant was not prejudiced by the purported failure of his trial counsel to inform him of his right to testify when testimony would not have assisted defendant). Petitioner states he was prepared to testify as to his reliance on Givens. (Pet. at 33.) As explained with regard to Ground Twenty-One, Petitioner has not demonstrated that there would be any merit to his proposed defense of reliance on Givens. Because Petitioner's conclusory allegation that he was not informed of his Sixth Amendment rights to testify fails the second prong of the Strickland test, Petitioner's claims on this point are denied.

Petitioner's claim that his counsel did not allow him to testify is denied for the same reason that the claim that he was not informed of his right to testify, namely that Petitioner's claim is a wholly unsupported, "barebones" assertion. It is true that the right to testify is well-grounded in the Fifth, Sixth and Fourteenth Amendments. Rock v. Arkansas, 483 U.S. 44, 51, 52 (1987), and cannot be waived by counsel, United States v. Ortiz, 82 F.3d 1066, 1070 (D.C. Cir. 1996). However, as other courts have noted, a "'barebones assertion' that his attorney told him not to testify in his own defense, even if that assertion is made under oath, has been held to be insufficient to

36

justify a hearing or other action on a petitioner's claim that his right to testify in his own defense was denied him." Scire v. United States, 1997 WL 138991, *11 (E.D.N.Y. Mar. 24, 1997) (citing Underwood, 939 F.2d at 476); see also Acevedo v. Demskie, 1999 WL 325055, *2 (E.D.N.Y. May 11, 1999); Millian v. United States, 1997 WL 793113 (E.D.N.Y. Nov. 18, 1997). The Court finds Petitioner's barebones assertion is insufficient to justify any action on Petitioner's claim that his right to testify in his own defense was denied him.

Because any arguments on this point would have been meritless, Petitioner's appellate counsel cannot be held ineffective for failing to raise the claim. Sanchez, 2005 WL 1005159, at *3. Therefore, Petitioner's claims on this point are denied.

## XXIII.    *Granting of a Continuance*

Petitioner asserts that counsel was ineffective for failing to argue that this Court granted a continuance at the request of the prosecution until November 29, 1999. (Pet. at 33.) While the substance of this claim may be procedurally barred due to Petitioner's failure to raise the claim at trial or on direct appeal, Bousley, 523 U.S. at 622–23, the Court will consider Petitioner's ineffectiveness claim. Massaro, 538 U.S. 500.

As explained with regard to Ground Nine, Petitioner fails to allege any prejudicial effect when, after Petitioner made a motion for an adjournment, this Court actually adjourned. While Petitioner may feel that the adjournment was granted for the wrong reason, he fails to show how this in fact prejudiced him in any respect. Because

37



any arguments on this point would have been meritless, Petitioner's counsel cannot be held ineffective for failing to raise the claim. <u>Sanchez</u>, 2005 WL 1005159, at *3. Therefore, Petitioner's claims on this point are denied.

## XXIV.    *Enhanced Sentence*

Petitioner asserts that counsel was ineffective for failing to argue that he should not have received an enhanced sentence due to his role as a leader and an organizer of five or more conspirators.[16]  (Pet. at 34.)  While the substantive claim may be procedurally barred due to Petitioner's failure to raise the claim at trial or on direct appeal, <u>Bousley</u>, 523 U.S. at 622–23, the Court will consider Petitioner's ineffectiveness claim. <u>Massaro</u>, 538 U.S. 500.

Petitioner does not specifically allege that he was not the organizer and leader of the conspiracy, nor that the conspiracy had too few participants to merit a sentencing enhancement, but given his *pro se* status his arguments will be construed liberally "to raise the strongest arguments that they suggest," <u>Burgos</u>, 14 F.3d at 790, and so the Court will assume that Petitioner intends to make both these assertions. Here, this Court made the findings needed in order to enhance Petitioner's sentence. This Court found that there were at least five participants in the conspiracy and that Petitioner led and organized the conspiracy. Petitioner fails to allege any valid reason or put forth

---

[16]  Petitioner repeats arguments made under other grounds, including Grounds Three (defects in the indictment) and Four (judicial amendment to the indictment). The Court addresses Petitioner's arguments made under other grounds under the corresponding sub-sections of this Memorandum and Order.

38

any evidence to show that these findings are incorrect or insufficient to merit the sentencing enhancement.

Because any arguments on this point would have been meritless, Petitioner's counsel cannot be held ineffective for failing to raise the claim. Sanchez, 2005 WL 1005159, at *3. Therefore, Petitioner's claims on this point are denied.

## CONCLUSION

For the reasons stated herein, Petitioner's Motion for Relief pursuant to 28 U.S.C. § 2255 is DENIED. For a certificate of appealability to issue, petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing "does not require a petitioner to demonstrate that he would prevail on the merits, but merely that 'reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" Santana v. United States, 2005 WL 180932, at *7 (S.D.N.Y. Jan. 26, 2005) (quoting Rhagi v. Artuz, 309 F.3d 103, 106 (2d Cir. 2002)) (internal quotation marks and citation omitted). Petitioner has made no substantial showing of the denial of a constitutional right in this case. Accordingly, this Court denies a certificate of appealability.

The Clerk of Court is directed to enter a final judgment of dismissal and to close the case.



SO ORDERED.

Dated:   August 23, 2005
         Brooklyn, NY

s/SJ
_____
Senior U.S.D.J.

40

